**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PATRICK DUFF,

     *Plaintiff*,

  v.

    No. 25-cv-14582

AARON CRESS, *et al.*,

     *Defendants*.

    **OPINION**

---

<u>**APPEARANCES:**</u>

**Arun Lavine**
3131 Princeton Pike
Building 2B, Suite 105
Lawrenceville, NJ 08648

   *On behalf of Plaintiff*

**Ronald D. Coleman**
COLEMAN LAW FIRM, P.C.
50 Park Place
Suite 1105
Newark, NJ 07102

    *On behalf of Defendant Aaron Cress*

**Rebekah R. Conroy**
STONE CONROY LLC
25A Hanover Road
Suite 301
Florham Park, NJ 07932

    *On behalf of Defendant Albuquerque Police Department*

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on the motions to dismiss filed by Defendants Aaron Cress ("Cress") and the Albuquerque Police Department ("APD," and jointly with Cress, "Defendants"). (ECF Nos. 21, 32). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, both motions are GRANTED without prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Patrick Duff ("Duff") is a small-business owner in New Jersey. (Am. Compl., ECF No. 18 at ¶¶ 2, 13). His relationship with Cress began in 2022, when Duff retained attorney Corinne Mullen ("Mullen"), Cress' boss, to prosecute a defamation action in New Jersey. (*See id.* ¶ 3). Duff alleges that, after Mullen and Cress dismissed that case without his authorization, Cress gave inconsistent explanations for the dismissal and misrepresented himself as a New Jersey attorney. (*Id.* ¶¶ 4–5). Duff thereafter confronted Cress about the dismissal and his lack of appropriate licensure. (*Id.* ¶ 5). This sparked, Duff claims, "a two-year campaign of retaliation" by Cress, in which Cress "use[d] false police reports and exaggerated narratives to criminalize Duff's lawful speech." (*Id.* ¶¶ 6–7).

The Amended Complaint sets forth several incidents in Cress' alleged pattern of retaliatory conduct, all primarily arising from Cress' efforts to enforce a New Mexico protective order against Duff. On August 2 and October 7, 2024, Cress allegedly told APD in New Mexico that Duff had violated the protective order by making "extortionate threats" and publishing Cress' children's address, allegedly to "silence [Duff's] speech." (*Id.* ¶¶ 16–17). On January 14, 2025, Cress allegedly contacted the Haddon Heights Police Department ("HHPD") in New Jersey to persuade officers there to charge Duff with violating the New Mexico protective order. (*Id.* ¶ 18). Five days

2

later, Cress allegedly contacted APD again to report that Duff had violated the order by serving an "Order to Show Cause" upon Cress; according to Duff, APD officers discussed bringing charges against him and "coach[ed]" Cress to characterize future incidents as involving a "household member" to support more serious charges. (*Id.* ¶¶ 19–20). Three days after that, Cress allegedly returned to APD and portrayed Duff as dangerous and mentally unstable. (*Id.* ¶ 20). Finally, on July 29, 2025, Cress reported another violation of the New Mexico protective order to APD, which Duff alleges was fabricated; the local district attorney in New Mexico ultimately declined to prosecute because the communication occurred before the protective order took effect. (*See id.* ¶¶ 8, 21–22, 28). From all of this, Duff claims that he had to "endure repeated arrests, public humiliation, and economic loss" due to Cress and APD's "continuous course of retaliatory and defamatory conduct designed to silence [his] protected speech." (*Id.* ¶ 23).

The Amended Complaint alleges the following claims: Count I asserts a First Amendment retaliation claim under 42 U.S.C. § 1983; Count II asserts a § 1983 due-process claim for fabrication of evidence; Count III asserts a conspiracy claim under 42 U.S.C. § 1985(3); Count IV asserts a state-law defamation *per se* claim;[1] Count V asserts a state-law abuse-of-process claim; Count VI asserts an intentional infliction of emotional distress claim; and Count VII seeks declaratory and injunctive relief, including a declaration that the New Mexico protective order is unconstitutional as applied and an injunction barring further alleged retaliatory or fabricated enforcement activity.

On October 20, 2025, Cress moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(3), and (b)(6). (ECF No. 21 at 13). On November 6,

---

[1] Count IV is the only claim alleged against Cress alone.

2025, APD moved to dismiss pursuant to Rules 12(b)(2) and (b)(6). (ECF No. 32-1 at 5). Duff opposed both motions. (ECF Nos. 45–46).

## II.        LEGAL STANDARD

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction[.]" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). The Court's exercise of personal jurisdiction must comport with both the forum state's long-arm statute and the Due Process Clause of the federal Constitution. *IMO Indus., Inc. v. Kiekert*, *AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, the statutory and constitutional analyses collapse into one because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. CT. R. 4:4-4(c)).

When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co., Ltd. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court takes "the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any factual conflicts in the affidavits and other written materials in the plaintiff's favor." *Id*. (internal punctuation and quotations omitted).

Still, the plaintiff "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). In assessing personal jurisdiction, "[w]hile disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point

4

the plaintiff must respond with 'actual proofs, not mere allegations.'" *Am. Bd. of Internal Med. v. Rushford*, No. 14-06428, 2015 WL 5164791, at *2 (D.N.J. Sept. 2, 2015) (quoting *Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990)).

### III.    ANALYSIS

Cress and APD each assert multiple grounds to dismiss the Amended Complaint. However, the Court will resolve both of their motions solely on the threshold issue of personal jurisdiction. *See Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quotations omitted) (noting that where several non-merits grounds for dismissal are raised, a court "has leeway to choose among threshold grounds for denying audience to a case on the merits"). For the following reasons, Defendants' respective motions to dismiss are granted for lack of personal jurisdiction.

Personal jurisdiction may be general or specific. General jurisdiction exists only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quotations omitted). For specific personal jurisdiction, the inquiry has three parts: first, the defendant must have "purposefully directed [their] activities" at the forum; second, the litigation must "arise out of or relate to" at least one of those activities; and third, if those requirements are satisfied, the court must consider whether exercising jurisdiction would "comport with fair play and substantial justice[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985) (quotations and citations omitted).

Here, Duff asserts that this Court has specific personal jurisdiction over Cress and APD. For both Defendants, the Amended Complaint fails on its face because it does not adequately allege claims arising out of any specific minimum contacts that Cress or APD had with New Jersey.

Beginning with Cress, all but one of the alleged instances of "retaliatory and defamatory conduct" occurred in New Mexico, where Cress reported alleged violations of the protective order to APD. Cress allegedly called APD in August and October 2024; he called APD again on January 19 and 22, 2025; and, in July 2025, "Cress called APD again." (Am. Compl., ECF No. 18 at ¶¶ 16–17, 19–21). Each time, APD was obviously located in Albuquerque, New Mexico. Thus, missing from these allegations is the essential jurisdictional ingredient: any meaningful tie to New Jersey. These allegations therefore do not support specific personal jurisdiction over Cress in New Jersey.

Indeed, the only allegation that Cress directed conduct toward New Jersey is a single call to HHPD in New Jersey on January 14, 2025, where Cress reported a violation of the New Mexico protective order and allegedly "pressure[d] local officers to criminally charge [Duff] despite [HHPD] having no jurisdiction." (Am. Compl., ECF No. 18 at ¶ 18). Duff argues that this "deliberate contact with New Jersey law enforcement demonstrates purposeful direction of activities at the forum state." (Pl.'s Br., ECF No. 45 at 12). The Court disagrees.

Duff relies on *Lillie v. Guerra*, a North Carolina case, for the proposition that a police report filed with forum-state law enforcement may support specific personal jurisdiction. (Pl.'s Br., ECF No. 45 at 12 (citing 559 F. Supp. 3d 464 (M.D.N.C. 2021)). In *Lillie*, the court concluded that the non-resident defendants' report to North Carolina police "support[ed]" purposeful availment because the defendants had sought the involvement of forum law enforcement in their dispute with North Carolina plaintiffs. 559 F. Supp. 3d at 473–74. But aside from being nonbinding

precedent, *Lillie* does not bear the weight Duff places on it. Duff suggests that *Lillie* stands for the broader proposition that *any* police report to forum-state authorities, standing alone, creates specific jurisdiction for claims that may, in fact, arise from the report itself. However, the *Lillie* court's analysis rested on a broader course of forum-directed conduct by the non-resident defendants, including that defendants "publish[ed] defamatory statements about [p]laintiffs and their [North Carolina] businesses" on various websites, "sent [p]laintiffs emails . . . wherein Defendants accused [p]laintiffs of fraudulent business practices," and sent pictures and threatening text messages to plaintiffs "implying [d]efendants were on their way to [p]laintiffs" in North Carolina. *Id.* at 469–70. Indeed, *Lillie* expressly recognized that, "even if the police report on its own" did not establish jurisdiction, "the combination of the police report with [d]efendants' other actions" supported purposeful availment. *Id.* at 474. That factual distinction is dispositive here. Cress' report to HHPD in New Jersey is the only conduct he directed at New Jersey. Unlike *Lillie*, the HHPD report was not one act in a larger course of New Jersey-directed actions. Rather, all of the remaining allegations here concern a New Mexico protective order and reports to New Mexico police.

Moreover, though it is true that even a single act may be sufficient to assert specific jurisdiction in certain circumstances, exercising personal jurisdiction over Cress here would not comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 477–78; *see Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 798 (D.N.J. 1996) (listing factors in the due process analysis, including "the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolution of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies"). Cress is a New Mexico resident being asked to defend, in New Jersey, claims

arising from conduct occurring almost entirely within the New Mexico court system. New Jersey's interest in this suit is comparatively limited, while New Mexico has a strong interest in adjudicating disputes concerning enforcement of a protective order entered within its jurisdiction. Duff's preference for a New Jersey forum does not overcome these considerations, especially where he appears to ask this Court to adjudicate the legitimacy of the New Mexico protective order itself. Nor would the interstate system's interest in efficient resolution be served by relitigating in this Court a controversy centered on New Mexico conduct and already addressed and adjudicated in prior state proceedings there. Accordingly, even assuming Cress' HHPD report constitutes a forum contact, the exercise of specific jurisdiction would violate due process. The Court therefore lacks personal jurisdiction over Cress, and his motion to dismiss on that basis is granted.

Turning to APD, the Court has little difficulty finding that personal jurisdiction is lacking. The entirety of the allegations against APD concern conduct occurring in New Mexico. Duff does not allege that APD officers traveled to New Jersey, communicated with New Jersey officials, invoked New Jersey law, served process in New Jersey, or otherwise directed any activity into this forum.

Duff's invocation of the "effects test" for personal jurisdiction, as set forth in *Calder v. Jones*, 465 U.S. 783, 784 (1984), does not save his claims against APD. (Pl.'s Br., ECF No. 46 at 4–5). The effects test requires that tortious conduct be "expressly aimed" at the forum. *Calder*, 465 U.S. at 789. "[M]ere injury to a forum resident is not a sufficient connection," and neither is the defendant's knowledge that the injury would be felt in the forum. *Walden v. Fiore*, 571 U.S. 277, 289–90 (2014). Here, Duff's allegations that "APD officers knew [he] was a New Jersey resident" and "coached Cress on how to enhance charges against" him plainly do not meet the standard for

"effects" personal jurisdiction. (Pl.'s Br., ECF No. 46 at 9). The Court therefore lacks specific personal jurisdiction over Duff's claims against APD.

In sum, Duff's allegations against Defendants are insufficient to establish personal jurisdiction.[2] Both Cress and APD are therefore entitled to dismissal under Rule 12(b)(2).

**CONCLUSION**

For the foregoing reasons, Cress' motion to dismiss, (ECF No. 21), and APD's motion to dismiss, (ECF No. 32), are GRANTED without prejudice. An appropriate Order accompanies this Opinion.

Date: May 26, 2026

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[2] Duff requests jurisdictional discovery in his opposition to APD's motion, (Pl.'s Br., ECF No. 46 at 9–10), but makes no comparable request in opposing Cress' motion. In any event, jurisdictional discovery is not warranted because Duff has not "present[ed] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between" Defendants and New Jersey. *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) (quotations omitted) ("A plaintiff cannot show up in court with bare allegations and force defendants to start handing over evidence."). Accordingly, to the extent Duff seeks jurisdictional discovery from either of the Defendants, that request is denied.