**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**CHRISTINE P. O'HEARN**
UNITED STATES DISTRICT JUDGE

MITCHELL H. COHEN BUILDING &
U.S. COURTHOUSE
4TH & COOPER STREETS
ROOM 6050
CAMDEN, NJ 08101
856-757-5167

November 2, 2026

**VIA CM/ECF**
Arun Lavine
LAVINE LAW
3131 Princeton Pike, Bldg. 2B,
Suite 105
Lawrenceville, NJ 08648

Ronald D. Coleman
COLEMAN LAW FIRM, PC
50 Park Place, STE 1105
Newark, NJ 07102

Rebekah R. Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, NJ 07932

**LETTER OPINION**

**Re: Duff v. Cress, Esq., *et al.***
**Civil Action No. 25-14582**

Dear Counsel:

This matter comes before the Court on Defendant Aaron Cress's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, (ECF No. 52). Plaintiff Patrick Duff opposes the Motion, (ECF No. 59), and Defendant filed a reply, (ECF No. 60). The Court has considered the submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, the Motion is **DENIED**.

## I. Factual Background and Procedural History

This action arises from the underlying dispute between Plaintiff Patrick Duff and Defendants Aaron Cress and the Albuquerque Police Department. The Amended Complaint asserted federal civil rights and conspiracy claims and related state-law claims. (ECF No. 18). On May 26, 2026, the Court granted both Defendants' motions to dismiss without prejudice for lack of personal jurisdiction. (ECF Nos. 53, 54).

Defendant Cress now seeks sanctions against Plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 11. Defendant claims that Plaintiff, who was initially *pro se*, initiated and

pursued legally frivolous claims, made material factual misrepresentations, and, thereafter upon obtaining representation, with his counsel, continued to advocate untenable positions despite notice of their deficiencies. (ECF No. 52-4).

On October 30, 2025, Defendant sent an initial Rule 11 warning by email.[1] (ECF No. 40 at 11–12). Acknowledging that his first email may not be sufficient for Rule 11 notice, Defendant sent a second email to Plaintiff's counsel on November 25, 2025, this time attaching an eight-page letter captioned "RULE 11 NOTICE." (ECF No. 52-3 at 8). This letter identified the specific legal and factual contentions he challenged, cited authorities and docket materials, and described the sanctions he intended to seek. (ECF No. 52-3 at 9–16). Defendant filed the Motion for Sanctions on May 15, 2026. (ECF No. 52). There is no indication that Defendant served the actual Motion on Plaintiff or his counsel at least twenty-one days before filing it.

## II. Legal Standard

Rule 11(c)(2) provides that a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). It further requires that the motion "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." *Id.* This "safe harbor" provision affords the opposing party formal notice of the specific conduct alleged to warrant sanctions and a meaningful opportunity to withdraw or correct that conduct before a sanctions motion is presented to the Court. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). The plain language of the Rule thus requires formal service of the sanctions motion itself, rather than merely providing some other form of notice of an intent to seek sanctions. The 1993 Advisory Committee Note reinforces this distinction, recognizing that counsel may provide informal notice of a potential Rule 11 violation through a telephone call or letter before preparing a sanctions motion, but the safe-harbor period begins "only upon service of the motion." FED. R. CIV. P. 11 advisory committee's note to 1993 amendment.

The Third Circuit has held that Rule 11's safe-harbor requirements are mandatory. *See In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013) (addressing the analogous Bankruptcy Rule 9011). Therefore, any "failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Id.* (internal quotations omitted). At issue here is whether a letter advising the opposing party of the intent to seek sanctions and the basis to do so, rather than service of the sanctions motion itself, meets the procedural requirements of Rule 11.

The Third Circuit previously concluded, in a nonprecedential opinion, that a notification letter substantially complied with the safe harbor provision. *In re Mondelli*, 508 F. App'x 131, 135 (3d Cir. 2012). However, in its subsequent precedential decision in *In re Miller*, 730 F.3d 198, 204

[1] Plaintiff's opposition references Defendant's October 30, 2025 email but does not address the subsequent November 25, 2025 email and attached Rule 11 notice. (ECF No. 59.) The Court has considered both communications in assessing Defendant's compliance with Rule 11(c)(2).

n.5 (3d Cir. 2013), the Third Circuit emphasized *Mondelli*'s nonprecedential status and noted that several other courts of appeals found notification letters insufficient. Although *Miller* distinguished *Mondelli* on the ground that *Mondelli* concerned the form of notice rather than the length of the safe-harbor period, the Third Circuit did not resolve whether a warning letter may substitute for service of the motion itself. Accordingly, there is no precedential Third Circuit decision squarely resolving that question.

## III. Discussion

The Court recognizes that the question is a close one on this record. Defendant's November 25th letter is detailed. It identifies discrete grounds for sanctions, supplies legal authority and supporting record citations, specifies the sanctions sought, and affords Plaintiff twenty-one days to withdraw the challenged claims. (ECF No. 52-3 at 9–16). Moreover, Defendant's brief in support of his Motion filed in May 2026 closely tracks much of the misconduct identified in the letter. (ECF No. 52-4).

Nevertheless, the Court concludes that the letter did not satisfy Rule 11(c)(2). The Rule plainly and expressly requires service of the motion itself and the Advisory Committee Note emphasizes that plain reading of the text. The Court finds this textual reading more persuasive than extending the nonprecedential substantial-compliance holding in *Mondelli*. While the Third Circuit did not fully abrogate *Mondelli* in *Miller*, the Court reads *Miller*, and its citation to contrary circuit decisions, as at least questioning its holding.

Further, as *Miller* recognized, substantial appellate authority rejects substituting a warning letter for formal service. *See Roth v. Green*, 466 F.3d 1179, 1191–93 (10th Cir. 2006); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997); *see also In re Pratt*, 524 F.3d 580, 586–88 (5th Cir. 2008); *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 564 (1st Cir. 2024). The Seventh Circuit, by contrast, has permitted substantial compliance through a letter. *See Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003). However, the Seventh Circuit did not rely on Rule 11's plain language, the Advisory Committee Notes, or relevant Rule 11 jurisprudence in its conclusion. *See Roth*, 466 F.3d at 1193; *Pratt*, 524 F.3d at 587–88. Therefore, the Court does not find its interpretation, which is in the minority view, persuasive.

The Court's determination does not turn on whether the letter was sufficiently informative. In *Roth*, for example, defendants sent multiple letters identifying deficiencies in the claims, requesting dismissal, and warning of sanctions and fees. 466 F.3d at 1190–93. The Tenth Circuit nevertheless held that the actual motion had to be served. *Id.* Similarly, *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767–69 (6th Cir. 2014), rejected a substantial-compliance approach notwithstanding a letter invoking Rule 11 and identifying challenged claims. Courts within this Circuit have also declined to extend *Mondelli* to treat a warning letter as sufficient. *See Dragon Intell. Prop., LLC v. AT&T Servs., Inc.*, No. 13-2061, 2016 WL 3746377, at *3 (D. Del. July 12, 2016) (declining to extend *Mondelli* and rejecting reliance on a warning letter that, notwithstanding its asserted detail, addressed the wrong legal doctrine and failed to discuss the relevant Rule 11

standards).

Here, Defendant provided detailed notice of his intent to seek sanctions against Plaintiff, and the Court recognizes that his letter served the underlying purpose of identifying the allegedly sanctionable conduct and affording Plaintiff an opportunity to withdraw the challenged claims. Nevertheless, the Court concludes that Rule 11's plain language, reinforced by the substantial weight of authority, requires compliance with the procedural prerequisite of serving the motion itself regardless of the specificity of the warning letter. Because Defendant did not serve the Motion at least twenty-one days before filing it, he failed to satisfy Rule 11(c)(2)'s safe-harbor requirement. Accordingly, the Motion must be denied. The Court expresses no view as to whether Plaintiff or his counsel engaged in conduct warranting sanctions under Rule 11(b).

## IV. Fees Under 42 U.S.C. § 1988

Defendant also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988(b). (ECF Nos. 52-1, 52-4). Although Defendant's failure to comply with Rule 11(c)(2)'s safe-harbor requirement precludes sanctions under that Rule, it does not independently bar an award of attorney's fees under § 1988. The Court therefore considers Defendant's alternative request independently.

Under § 1988(b), a prevailing defendant may recover reasonable attorney's fees where the plaintiff's claims were frivolous, unreasonable, or without foundation, or where the plaintiff continued litigating after they clearly became so. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). Moreover, a defendant need not necessarily obtain a judgment on the merits to qualify as a prevailing party. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431–32 (2016). Where an action involves both frivolous and nonfrivolous claims, a defendant may recover only those fees that would not have been incurred but for the frivolous claims. *Fox v. Vice*, 563 U.S. 826, 836 (2011).

Here, Defendant seeks $4,500 in attorney's fees and $1,064.82 in costs. (ECF Nos. 52-1, 52-2). In support, Defendant submitted declarations describing counsel's services, time expended, and the parties' flat-fee arrangement. (ECF Nos. 52-2, 52-3). Although Defendant identifies various alleged legal and factual deficiencies in Plaintiff's claims, the Court concludes that Defendant has not established an entitlement to attorney's fees under the heightened standard applicable to prevailing civil rights defendants. The Court previously dismissed this action without prejudice for lack of personal jurisdiction and did not reach the merits of Plaintiff's claims. (ECF Nos. 53, 54). Defendant's submissions do not sufficiently establish that the action, considered as a whole, was frivolous, unreasonable, or without foundation so as to warrant the requested award of attorney's fees. Moreover, to the extent Defendant alternatively seeks fees based on particular allegedly frivolous claims, he has not adequately demonstrated which claims independently satisfy that standard or which fees would not have been incurred but for those claims. *See Fox*, 563 U.S. at 836. Finally, to the extent Defendant seeks to impose attorney's fees personally upon Plaintiff's counsel, § 1988 does not independently authorize such relief. *See Roadway Express, Inc. v. Piper*,

447 U.S. 752, 761 (1980).

## V. Conclusion

For the foregoing reasons, Defendant Aaron Cress's Motion for Sanctions, (ECF No. 52), is **DENIED** for failure to comply with Rule 11(c)(2)'s safe-harbor requirement. Defendant's alternative request for attorney's fees and costs under 42 U.S.C. § 1988(b) is also **DENIED** for failure to establish entitlement to, or the recoverable scope of, the requested award.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**